BROWNSTEIN & BROWNSTEIN, LLP
RICHARD A. BROWNSTEIN (SBN 70297)
21700 Oxnard Street, Suite 1160
Woodland Hills, CA 91367
Telephone: (818) 905-0000
Facsimile: (818) 593-3988
E-mail rb@brownsteinllp.com

Counsel for Plaintiff, David Newfield

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# (LOS ANGELES DIVISION)

| | |
|---|---|
| In re<br><br>CHRIS BOLAND<br>           Debtor.<br>_____<br>DAVID NEWFIELD<br>           Plaintiff,<br>    vs.<br>CHRIS BOLAND<br>           Defendant. | Case No.: 2:11-bk-13469-BR<br><br>Chapter 7<br><br>**ADVERSARY PROCEEDING**<br><br>Adv. Case No.:<br><br>**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. SECTION 523(A)(2), (4) AND (6).** |

TO: THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, DEFENDANTS AND THEIR ATTORNEYS OF RECORD:

///

///

1

Plaintiff and Creditor David Newfield ("Plaintiff" or "Newfield") files this Complaint to Determine the Nondischargeability of Debt Pursuant to 11 U.S.C. §§523(a)(2), 523(a)(4), and 523 (a)(6) against the Debtor and Defendant, Chris Boland, and alleges the following:

## JURISDICTION AND VENUE

1. This Complaint to Determine Nondischargeability of Debt (the "Complaint") arises in the Chapter 7 Bankruptcy case of Chris Boland ("Boland" or "Defendant" and/or "Debtor"), in Case No. 2:11-bk-13469-BR, currently pending in the United States Bankruptcy Court for the Central District of California (the "Bankruptcy Case").

2. This Complaint constitutes the initiation of an adversary proceeding arising under Section 523 of the Bankruptcy Code in connection with Debtor's Bankruptcy Case. Therefore, this Court has jurisdiction of this core proceeding by reason of 28 U.S.C. §§ 1334 (a) and (b) and 28 U.S.C. §§ 157(a) and (b).

3. Pursuant to 28 U.S.C. § 1409(a), this adversary proceeding (the "Adversary Proceeding") is properly commenced and prosecuted in this Court in which Defendant's Bankruptcy Case is pending.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A)(I) and (O).

5. Venue properly lies in this judicial district.

## PARTIES

6. Plaintiff is an individual residing in the County of Los Angeles, California. Plaintiff owns the real property commonly known as 3262 Berry Drive, Studio City, CA 91604 ("Subject Property"). Plaintiff is not a construction professional and has limited knowledge of construction practice, methods and procedure.

7. Defendant Christopher Boland ("Boland") was and is an individual residing in the County of Los Angeles, State of California.

8. Plaintiff is informed and believes that defendant BOLAND BUILDING AND RENOVATION, INC. ("BBR") was a corporation organized and existing under the laws of the

2

State of California. At some point said corporation was suspended from doing business in the State of California. Effective July 27, 2000, BBR held California Contractor License No. 782086, Class B. Further, Plaintiff is informed and believes that at all times pertinent hereto, Boland was the responsible managing officer, CEO, president and 100% owner of BBR.

## FACTUAL OVERVIEW

9. Plaintiff incorporates herein paragraphs 1 through 8, inclusive, of this Complaint, as if set forth in full.

### A) The Subject Property

10. The Subject Property is a single family residence that sits on a pad that is located at the base of a steep hillside to the south and at the base of a smaller hillside to the east. To the north is the roadway, Berry Drive. Between the house and the hillside is a small yard with a small in-ground swimming pool.

### B) The Contract

11. In or about November 2006, Plaintiff grew concerned about excessive water draining northerly down the hillside and traveling underneath the house - causing mold to develop inside the residence. In response, Plaintiff decided to hire a contractor to develop and implement a comprehensive drainage system for the Subject Property and, at the same time, renovate the yard area. Such renovation included, re-surfacing the swimming pool, re-locating the pool equipment, demolishing and replacing the existing hardscape, etc.

12. Pursuant thereto, Plaintiff contacted and met with BBR and, its representative, Boland. Boland informed Plaintiff that he and BBR specialized in hillside construction and that Plaintiff's project was typical of construction projects that he and BBR would routinely perform. Boland further represented that BBR was a California Corporation fully licensed, insured, experienced and qualified to perform the type of work required. In fact, Boland's BBR business card stated, "Specializing in hillside properties." Additionally, Boland and BBR agreed that Plaintiff could increase the yard space by cutting the toe out of the hillside above the pool and creating a shelf (approx, 7' x 40') for planters or a water feature.

13. On or about November 29, 2006, Boland provided Plaintiff with a construction estimate ("Estimate"). The estimate totaled $47,364.00.00, not including cost of materials for deck area or finish.

14. Based on BBR's and Boland's representations that BBR and Boldand specialized in hillside properties, Plaintiff hired BBR to do the work.

15. On or about July 12, 2007, Plaintiff and BBR entered into a written contract ("Contract") calling for the same services described in the Estimate. In fact, BBR attached a copy of the estimate to the back of the Contract.

16. Various oral agreements between the parties resulted in increases, ultimately Plaintiff agreed to pay BBR approximately $63,889.00.

### C) The Construction

17. On or about July 13, 2007, BBR began performing the contract by demolishing existing hardscape.

18. During the period of approximately July 20, 2007, through the beginning of September 2007, with the aid of a Bobcat earth mover, BBR cut the toe out of the hillside above the pool and created a *shelf* (approx, 7' x 40') between the hillside and the swimming pool. Also, in order to access this area of the yard with the Bobcat, BBR cut a north to south pathway from the roadway, Berry Drive, to the base of the hillside. The pathway ran adjacent and parallel to the boundary line between the Subject Property and the neighboring property to the east. The issue here is that this boundary is hillside (approx. 10' high) with the toe of the hill located on the Subject Property. At the top of this hill is located a party/retaining wall. In order to create this pathway, BBR excavated and removed the entire toe of this hillside crossing the property line and stopping at the footing of the retaining wall. The end result was a vertical cut into the hillside with a retaining/party wall standing directly on top. In no uncertain terms, BBR destabilized the hillside and the wall - created a dangerous condition. Moreover, despite demand and the fact that the wall threatened to topple, BBR refused to take any action to stabilize this hillside or the wall.

4

19.  BBR commenced construction without first securing proper geological reports, engineering, plans and specification, and construction permits.

20.  In or about October 2007, BBR demanded Plaintiff remit payment of 98% of the Contract price. Plaintiff refused to do so and BBR abandoned and refused to secure the jobsite, including failing to stabilize the retaining wall BBR undermined by removing the toe of the hillside separating the Subject Property and the lot to the east.

21.  At or about this time, Plaintiff consulted other construction professionals. Thereafter, Plaintiff learned that the plans BBR provided (2 months after beginning construction) were worthless and unusable, BBR failed to secure proper permits and plans and specifications prior to commencing construction, failed to obtain proper geological and engineering reports, etc. Moreover, Plaintiff learned that BBR's excavation of the toe of the hill located above the swimming pool destabilized the hillside - which now requires caissons to bedrock. Plaintiff further learned that BBR's original estimate $47,364.00.00 (and eventual contract price) was grossly underestimated. Plaintiff learned that the actual cost of this construction is closer to $180,000.00. Had BBR (a firm specializing in hillside construction) informed Plaintiff of the true cost of this construction, Plaintiff would either never have started this project or significantly scaled it down.

22.  In addition to the foregoing, during the time BBR was on the Subject Property, Plaintiff is informed and believes that BBR caused the following additional damage:

    a.    On the east side of the house, BBR damaged the rain gutters and downspouts, the stucco, and the roof over-hang.

    b.    On the east side of the house, BBR damaged a cinder block wall running perpendicular between the house and boundary-line wall separating the Subject Property from the neighbor's lot to the east.

    c.    When BBR re-located the air conditioner, BBR failed to properly patch holes in the garage wall on the west side of the house - allowing accidental intrusion of water.

    d.    In the yard, attached to the house is an awning/overhang supported by pillars. BBR removed so much of the earth and concrete supporting the pillars as to destabilize the overhang.

23.    The actual money paid to BBR and the resulting remediation of the property required by the work performed by BBR is in excess of $250,000.00. The exact amount of which will be proven at trial.

## FIRST CLAIM FOR RELIEF

**[For Nondischargeability of Debt for False Pretenses, False Representation, and/or Actual Fraud Under 11 USC §523 (a)(2)]**

24.    Plaintiff incorporates herein paragraphs 1 through 23, inclusive, of this Complaint, as if set forth in full.

25.    Pursuant to 11 U.S.C. §523(a)(2)(A), a discharge under Section 727 does not discharge a debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud.

26.    Beginning in or about November 2006, and continuing thereafter, Defendant made false, malicious and fraudulent representations that he and BBR specialized in hillside construction and that Plaintiff's project was typical of construction projects that he and BBR would routinely perform. Boland further made false, malicious and fraudulent representations that BBR was a California Corporation fully licensed, insured, experienced and qualified to perform the type of work required.

27.    The foregoing representations, promises and assurances by Defendant regarding his and BBR's qualifications were in fact false when made.

28.    When Defendant made the representations, promises and assurances set forth herein above, the Defendant knew them to be false and made them with the with the intention to deceive and defraud Plaintiff into acting in reliance on these representations, promises and assurances in the manner hereinafter alleged, or with the expectation that he would so act.

29. The true facts are that neither Defendant nor BBR were fully licensed, insured, experienced and qualified to perform the type of work required.

29. Plaintiff, at the time the foregoing representations were made by Defendant and at the time Defendant took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true. Plaintiff reasonably and justifiably relied upon the foregoing representations by Defendant. Had Plaintiff known the True facts Plaintiff would not have entered into the Contract, would not have paid the sum of $32,981 to the Defendant and would not have incurred additional damages for remediation of the subject property as a result of the work improperly performed by the Defendant in an amount in excess of $250,000.00.

30. As a direct and proximate result of Defendant's fraudulent conduct as herein alleged, and Plaintiff's reasonable reliance thereon, Defendant received $32,981.00 from the Plaintiff, and caused damage to the Plaintiff's property in an amount in excess of $250,000.00.

31. As set forth herein above, by false pretenses, false representations, and actual fraud, defendants obtained monies from the Plaintiff and caused damages to the subject property.

32. Accordingly, pursuant to 11 U.S.C. §523(a)(2)(A), Plaintiff's claim against Defendant is non-dischargeable in the amount $280,000.00.

33. Plaintiff is informed and believes and thereupon alleges that, by obtaining, stealing, diverting, misappropriating, embezzling, converting and concealing the Plaintiff's money, and by taking the other actions herein alleged, Defendant acted intentionally, fraudulently, maliciously, and /or in conscious and deliberate disregard of Plaintiff's rights, and otherwise in a sufficiently malevolent or despicable manner to warrant the imposition of punitive or exemplary damages.

34. The debt owed by Defendant to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(2) of the Bankruptcy Code.

///

///

## SECOND CLAIM FOR RELIEF

**[For Nondischargeability of Debt for False Pretenses, False Representation, and/or Actual Fraud Under 11 USC §523 (a)(2)]**

35. Plaintiff incorporates herein paragraphs 1 through 34, inclusive, of this Complaint, as if set forth in full.

36. Pursuant to 11 U.S.C. §523(a)(2)(A), a discharge under Section 727 does not discharge a debtor from any debt for money obtained by false pretenses, a false representation, or actual fraud.

37. Beginning in or about November 2006, and continuing thereafter, Defendant made false, malicious and fraudulent representations that he and BBR would undertake certain work upon the Subject Property which he stated would cost $45,400.00 to complete. He later revised this figure to $63,889.00.

38. The foregoing representations, promises and assurances by Defendant regarding the work to be performed were in fact false when made.

39. When Defendant made the representations, promises and assurances set forth herein above, the Defendant knew them to be false and made them with the with the intention to deceive and defraud Plaintiff into acting in reliance on these representations, promises and assurances in the manner hereinafter alleged, or with the expectation that he would so act.

40. The true facts are that the work to be performed on the Subject Property would cost approximately $180,000.00.

41. Plaintiff, at the time the foregoing representations were made by Defendant and at the time Defendant took the actions herein alleged, was ignorant of the falsity of Defendant's representations and believed them to be true. Plaintiff reasonably and justifiably relied upon the foregoing representations by Defendant. Had Plaintiff known the True facts Plaintiff would not have entered into the Contract, would not have paid the sum of $32,981.00 to the Defendant and would not have incurred additional damages for remediation of the subject property as a result of the work improperly performed by the Defendant in an amount in excess of $250,000.00.

42. As a direct and proximate result of Defendant's fraudulent conduct as herein alleged, and Plaintiff's reasonable reliance thereon, Defendant received $32,981.00 from the Plaintiff, and caused damage to the Plaintiff's property in an amount in excess of $250,000.00.

43. As set forth herein above, by false pretenses, false representations, and actual fraud, defendants obtained monies from the Plaintiff and caused damages to the subject property.

44. Accordingly, pursuant to 11 U.S.C. §523(a)(2)(A), Plaintiff's claim against Defendant is non-dischargeable in the amount $280,000.00.

45. Plaintiff is informed and believes and thereupon alleges that, by obtaining, stealing, diverting, misappropriating, embezzling, converting and concealing the Plaintiff's money, and by taking the other actions herein alleged, Defendant acted intentionally, fraudulently, maliciously, and /or in conscious and deliberate disregard of Plaintiff's rights, and otherwise in a sufficiently malevolent or despicable manner to warrant the imposition of punitive or exemplary damages.

46. The debt owed by Defendant to Plaintiff is nondischargeable pursuant to 11 U.S.C. §523(a)(2) of the Bankruptcy Code.

### THIRD CLAIM FOR RELIEF

[For Nondischargeability of Debt for Breach

Of Fiduciary Duty Under 11 USC §523(a)(4)]

47. Plaintiff incorporates herein paragraphs 1 through 46, inclusive, of this Complaint, as if set forth in full.

48. Pursuant to 11 U.S.C. §523(a)(4), a discharge under Section 727 does not discharge a debtor from any debt for fraud of defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

49. As set forth more fully above, Defendant willfully, wrongfully, intentionally, and fraudulently took the sum of $32,981.00 from the Plaintiff for the purpose of construction work on the Subject Property. The work performed by the Defendant resulted in damage to the Subject Property which requires remediation in an amount in excess of $250,000.00. Acting as

Plaintiff's agent and contractor Defendant misappropriated and defalcated those funds refusing to account for their use and has failed and refused to return the funds to the Plaintiff. Defendant failed to pay for goods and services for which the funds were to be used. The Defendant abandoned the Project and left the Subject Property unprotected. Accordingly, pursuant to 11 U.S.C. §523(a)(4), Plaintiff's claim against Defendants is non-dischargeable in the amount of $32,981.00, plus the resulting cost of remediation of the Subject Property in a sum in excess of $250,000.00, the exact amount of which will be proven at trial.

## FOURTH CLAIM FOR RELIEF
### [For Nondischargeability of Debt for Willful and Malicious Injury Under 11 U.S.C. §523(a)(6)]

50.  Plaintiff incorporates herein paragraphs 1 through 49, inclusive, of this Complaint, as if set forth in full.

51.  Pursuant to 11 U.S.C. §523(a)(6), a discharge under Section 727 does not discharge a debtor from any debt for willful and malicious injury by the debtor to another entity or to the property of another entity.

52.  As set forth more fully above, Defendant willfully and maliciously injured Plaintiff and his property by performing work on the Subject Property in a manner which requires remediation in an amount in excess of $250,000.00. The exact amount of which will be proven at trial. The Defendant abandoned the Project, leaving the property unprotected. Accordingly, pursuant to 11 U.S.C. §523(a)(6), Plaintiff's claim against Defendants is non-dischargeable in the amount in excess of $250,000.00, plus interest, costs, and attorneys fees, and punitive damages are warranted.

///
///

# PRAYER FOR RELIEF

**WHEREFORE, Plaintiff respectfully prays for relief as follows:**

**FIRST CLAIM FOR RELIEF**

1. For Judgment against Defendant in the amount of at least $32,981.00 plus the cost of remediation in excess of $250,000.00 the exact amount of which will be proven at trial.
2. For Judgment against Defendant for punitive damages.
3. For Judgment determining that Plaintiff's claims against Defendant are non-dischargeable pursuant to 11 U.S.C. §523 (a)(2)(A) in the amount of at least $32,981.00 plus the cost of remediation in excess of $250,000.00 the exact amount of which will be proven at trial.
4. For such other and further relief as the Court deems just, equitable and proper.

**SECOND CLAIM FOR RELIEF**

1. For Judgment against Defendant in the amount of at least $32,981.00 plus the cost of remediation in excess of $250,000.00 the exact amount of which will be proven at trial.
2. For Judgment against Defendant for punitive damages.
3. For Judgment determining that Plaintiff's claims against Defendant are non-dischargeable pursuant to 11 U.S.C. §523 (a)(2)(A) in the amount of at least $32,981.00 plus the cost of remediation in excess of $250,000.00 the exact amount of which will be proven at trial.
4. For such other and further relief as the Court deems just, equitable and proper.

**THIRD CLAIM FOR RELIEF**

1. For Judgment against Defendant in the amount of at least $32,981.00 plus the cost of remediation in excess of $250,000.00 the exact amount of which will be proven at trial.
2. For Judgment against Defendant for punitive damages.
3. For Judgment determining that Plaintiff's claims against Defendant are non-dischargeable pursuant to 11 U.S.C. §523 (a)(4).
4. For such other and further relief as the Court deems just, equitable and proper.

**FOURTH CLAIM FOR RELIEF**

1. For Judgment against Defendant in the amount in excess of $250,000.00 the exact amount of which will be proven at trial.

2. For Judgment against Defendant for punitive damages.

3. For Judgment determining that Plaintiff's claims against Defendant are non-dischargeable pursuant to 11 U.S.C. §523 (a)(6) in the amount of in excess of $250,000.00 the exact amount of which will be proven at trial.

4. For such other and further relief as the Court deems just, equitable and proper.

Dated:  May 3, 2011              BROWNSTEIN & BROWNSTEIN, LLP

                                 By: _____
                                     RICHARD A. BROWNSTEIN
                                     Counsel for Plaintiff

FORM B104 (08/07)                                                                                                                       2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>David Newfield | **DEFENDANTS**<br>Chris Boland |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Brownstein & Brownstein, LLP<br>21700 Oxnard Street, Suite 1160<br>Woodland Hills, CA 91367   (818) 905-0000 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Non-dischargeability
§523(a)(2), §523(a)(4) and §523(a)(6)

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☒ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 250,000.00 |

**Other Relief Sought**
Plus interest, costs, attorney fees, and punitive damages.

FORM B104 (08/07), page 2                                                                    2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> Chris Boland | **BANKRUPTCY CASE NO.** <br> 2:11-bk-13469 | |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central District | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Hon. B. Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |

**SIGNATURE OF ATTORNEY (OR PLAINTIFF)**

| DATE <br> 5/3/11 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) <br> Richard A. Brownstein |
|---|---|

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Richard A. Brownstein (SBN 70297)<br>BROWNSTEIN & BROWNSTEIN, LLP<br>21700 Oxnard Street, Suite 1160<br>Woodland Hills, CA 91367<br>Tel: (818) 905-0000<br>Fax: (818) 593-3988<br><br>*Attorney for Plaintiff* David Newfield | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: Chris Boland | CHAPTER 11 |
|---|---|
| | CASE NUMBER 2:11-bk-13469-BR |
| Debtor. | ADVERSARY NUMBER |
| David Newfield<br><br>Plaintiff(s),<br>vs.<br>Chris Boland<br><br>Defendant(s). | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)*<br><br>**SUMMONS AND NOTICE OF STATUS CONFERENCE** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| Hearing Date: | Time: | Courtroom: | Floor: |
|---|---|---|---|
| ☒ 255 East Temple Street, Los Angeles | | ☐ 411 West Fourth Street, Santa Ana | |
| ☒ 21041 Burbank Boulevard, Woodland Hills | | ☐ 1415 State Street, Santa Barbara | |
| ☐ 3420 Twelfth Street, Riverside | | | |

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

Date of Issuance: _____

KATHLEEN J. CAMPBELL
Clerk of Court

By: _____
*Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

February 2010 (COA-SA)                                                                                              F 7004-1